(26 Misc. Rep. 388.)

### NEUMAN v. NATIONAL SHOE & LEATHER EXCHANGE.

(Supreme Court, Appellate Term. February 24, 1899.)

1. COLLECTION AGENCIES—RECEIPT—LIMITATION OF LIABILITY—QUESTION FOR JURY.
   Whether, in a particular case, the owner of a claim receiving a written acknowledgment of the receipt of the claim for collection accepted it with notice that it contained on its back a limitation of liability, so as to require him to acquaint himself with its terms, is for the jury.

2. SAME—BURDEN OF PROOF.
   Where plaintiff sent defendant a claim for collection, and the latter, although not requested to do so, sent a receipt, plaintiff, in the absence of any circumstance or intimation indicating it to be anything other than an ordinary voucher, was justified in so regarding it, and is not bound by a condition on its back limiting defendant's liability.

   MacLean, J., dissenting.

Appeal from city court of New York, general term.

Action by Moritz Neuman against the National Shoe & Leather Exchange. Judgment for plaintiff was affirmed by general term (54 N. Y. Supp. 942), and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

George S. Hastings, for appellant.
A. H. Parkhurst, for respondent.

LEVENTRITT, J. The plaintiff in this action placed a claim for collection in the New York office of the defendant, a Massachusetts corporation, doing business as a general collection agency. The managers of the New York office, Eddy and Jones, delivered to plaintiff a receipt, the effect of which is the crucial question involved. Upon its face it was an ordinary receipt, containing no terms, con-

ditions, or limitations, nor any notice directing attention to any of the terms, conditions, or limitations appearing on its reverse side, where, under the caption of "Collection Department," were 30 or more lines of fine print. All except the last 5 pertained to rates of commission, and those read as follows:

"In sending drafts to banks and claims to attorneys, the utmost care is taken to employ only those whose responsibility is beyond question. We do not, however, guaranty clients against loss arising from the dishonesty of an attorney or the suspension of a bank."

The defendant employed an attorney in Lynn, Mass., to collect the claim. This attorney had been previously retained by the defendant in a number of instances, had been well recommended, was personally known to one of its officers, and had always been prompt and honest in making collections and remitting the proceeds. In this particular instance, however, the attorney collected, but failed to remit. The plaintiff admitted possession of the receipt, but failed to remember whether it was handed to him at the time of placing the claim for collection, or subsequently transmitted to him by mail. There is no satisfactory evidence that the delivery of the receipt to the plaintiff was contemporaneous with the placing of the claim and the employment of the defendant. Plaintiff testified that he could not read or write English fluently; that his attention was never directed to the existence of any condition; and that, as a matter of fact, he never read or knew of any limitation to the defendant's liability in the event of collection.

A verdict was rendered for the plaintiff for the full amount of his claim, and, from the judgment thereon entered, the defendant has appealed, contending that the acceptance of the receipt constituted a contract between the parties, and that the clause quoted, being a part thereof, was binding on the plaintiff, and relieved the defendant from liability, in view of the fact that the loss arose through the dishonesty of the attorney to whom the collection had been intrusted. We do not consider this contention sound in law. Where a party receives a paper which, from the circumstances of the transaction, he has a right to regard simply as a receipt or voucher, and no notice is given to him that it embodies the terms of a special contract, or is intended to subserve any other purpose than a receipt, his omission to read the paper is not per se negligence, and he is not, as a matter of law, bound by its terms. Grossman v. Dodd, 63 Hun, 326, 17 N. Y. Supp. 855, affirmed in 137 N. Y. 599, 33 N. E. 642. The question whether, in a particular case, the party receiving such a receipt accepted it with notice of its contents, or with notice that it contained the terms of a special contract, so as to require him to acquaint himself with its contents, is one of evidence to be determined by the jury; and, in the case at bar, the jury, under a charge eminently fair to the defendant, resolved that question in favor of the plaintiff.

The defendant, in order to relieve itself from liability, is bound to establish the contract. Grossman v. Dodd, 63 Hun, 326, 17 N. Y. Supp. 855; Blossom v. Dodd, 43 N. Y. 264; Madan v. Sherard, 73 N. Y. 329. It was, at least, incumbent upon the defendant to

show the implied assent of the plaintiff thereto (Woodruff v. Sherrard, 9 Hun, 322); and that was not made to appear. The plaintiff asked for no written contract. He requested no receipt. In the absence of any circumstance or limitation indicating it to be anything other than an ordinary voucher, he was justified in so regarding it. The minds of the parties did not meet on the subject of a contract embracing the restriction invoked; hence it cannot avail the defendant.

The appellant calls our attention to a class of cases clearly distinguishable from the one under review. They relate to the construction placed upon conditions in telegraph blanks, bills of lading, shipping, and express receipts, and other commercial instruments of like description. In such it has been held that the uniform character of those instruments, and the nature of the business to which they relate, create a presumption of knowledge of the attendant conditions and limitations, or that, by using certain blank forms upon which the terms and restrictions confront the subscribing party, he is deemed to have assented to them. No such presumption exists respecting a paper purporting to be an ordinary receipt; hence the necessity of proof to establish notice to the plaintiff of the undisclosed clause of exemption from liability, which the defendant inserted in a manner not calculated to attract attention. The judgment must be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur, except MacLEAN, J., dissenting.

MacLEAN, J. (dissenting). In the absence of evidence tending to show that the limitations under which the defendant took claims for collection were indorsed upon the receipts in a manner not likely to attract attention, and it appearing that the receipt given in this instance was of the form used for several years by the defendant, with whom the plaintiff had had repeated dealings, I am of opinion that he was bound by the limitation fixed by the defendant at the time he delivered the claim at its office, as he testified himself, and when, as the officer of the defendant testified, and he did not deny, the plaintiff received the receipt.